```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALROY RICHARDS,                           :
                                          :
                    Plaintiff,            :         ORDER
                                          :
        -v-                               :         19-CV-10697 (GHW) (JLC)
                                          :
CITY OF NEW YORK                          :
COMPTROLLER, et al.                       :
                                          :
                    Defendants.           :
------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

Plaintiff Alroy Richards, proceeding *pro se,* filed the instant suit against defendants alleging employment discrimination, breach of contract, and violation of the Whistleblower Protection Act, among other claims. Dkt. No. 2. He has moved for appointment of counsel by motion dated November 23, 2019. Dkt. No. 7. Richards seeks counsel because he "has limited knowledge, skills, experience, and qualifications . . . [and no] experience with Federal Court case matters." *Id.*

The Court does not have a budget to pay appointed counsel in civil cases and has no power to enlist a lawyer to serve without pay. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). The Court must be mindful that volunteer attorney time is a precious commodity, and "courts should not grant such applications [for appointment of counsel] indiscriminately." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Accordingly, for the Court to order the appointment of counsel, a plaintiff must first make "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting

1

*Cooper*, 877 F.2d at 174; *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)); *accord Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012). Only then can the Court consider the other factors going to whether counsel should be appointed; namely, "'the [plaintiff's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . the [plaintiff's] ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.'" *Johnston*, 606 F.3d at 42 (quoting *Hodge*, 802 F.2d at 61-62); *accord Dolan v. Connolly*, 794 F.3d 290 (2d Cir. 2015).

At this early stage in the proceedings, the Court denies Richards's application for appointment of counsel without prejudice to renewal because the Court is unable to conclude that Richards's claims likely have merit and is otherwise not aware of any special reason that would compel the appointment of counsel in this case. Accordingly, Richards's application for appointment of *pro bono* counsel is denied without prejudice to possible renewal at a later stage in the case. The Clerk is respectfully directed to mail a copy of this order to Richards and to close docket entry number 7 and mark it denied.

**SO ORDERED.**

Dated: December 5, 2019
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge